UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE ROSE, # 235893,

    Plaintiff,

v.

JOSEPH DAMRON, et al.,

    Defendants.
_____/

Case No. 2:16-CV-242

HON. GORDON J. QUIST

# ORDER ADOPTING REPORT AND RECOMMENDATION AND ADDRESSING CERTAIN MOTIONS

Plaintiff, Willie Rose, an inmate incarcerated with the Michigan Department of Corrections (MDOC), filed a complaint pursuant to 42 U.S.C. § 1983 against numerous MDOC and Corizon Health employees. Following initial screening pursuant to 28 U.S.C. §§ 1915 and 1915A and 42 U.S.C. § 1997(e), Rose was left with: (1) Eighth Amendment claims against Defendants Damron, Covert, Bonefeld, Rogers, McDowell, Kinny, Paquette, and Canlas; (2) retaliation claims against Defendants Fretag, Covert, Rogers, and McDowell; and (3) Fourth Amendment claims against Defendants Rogers, McDowell, and Unknown Party #12. (ECF No. 43 at PageID.978.) Thereafter, Defendants Rogers, Paquette, Canlas, and Bonefeld (the Corizon Defendants), and Defendants Damron, Kinny, Fretag, and Covert (the MDOC Defendants), filed motions for summary judgment on the basis that Rose failed to exhaust his administrative remedies.

On March 20, 2018, Magistrate Judge Greeley issued a Report and Recommendation (R & R) recommending that the Court: (1) grant the Corizon Defendants' motion as to the claims against Defendant Bonefeld and deny it as to the claims against Defendants Rogers, Paquette, and Canlas;

and (2) grant the MDOC Defendants' motion only as to the hot-water-bottle claim against Defendant Covert and deny it as to the claims against Damron, Kinny, and Freytag and the co-pay claim against Defendant Covert. (ECF No. 202 at PageID.2529.)

Rose filed Objections to the R & R, arguing that: (1) the magistrate judge erred in concluding that Rose failed to exhaust his hot-water-bottle claim against Defendant Covert; and (2) the magistrate judge erred in concluding that Rose did not exhaust his claim against Defendant Bonefeld. The Corizon Defendants also filed Objections, arguing that the magistrate judge erred in concluding that Defendants failed to show that Rose did not exhaust his claims against Paquette, Canlas, and Rogers. Rose and the Corizon Defendants have responded to each others' objections.

Pursuant to 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, the parties' Objections, and the pertinent portions of the record, the Court will adopt the R & R.

**I.      Rose's Objections**

*Defendant Covert—Hot-Water-Bottle Claim*

The magistrate judge concluded that Rose failed to exhaust his administrative remedies as to his claims against Defendant Covert related to the hot-water-bottle because grievance URF-16-02-0487-28e, which complained that "nurse Supervisor Mr. Coventry" took Rose's hot-water-bottle on December 16, 2015, was rejected as untimely. (ECF No. 202 at PageID.2526.) Rose objects that he made prison officials aware of Covert's ongoing abuse/retaliation of Plaintiff in grievance KCF-1512-1690-12Z. (ECF No. 214 at PageID.2610.) The Court disagrees. Rose's Step I grievance and Step II appeal both identified the date of the incident as December 24, 2015, and neither form

mentions Defendant Covert taking Rose's hot-water-bottle. (ECF No. 26-8 at PageID.620, 623.) Thus, the magistrate judge did not err in concluding that Plaintiff failed to exhaust this claim.

### *Defendant Bonefeld*

The magistrate judge concluded that Rose failed to exhaust his claim against Defendant Bonefeld for failing to treat Rose for back pain on January 21, 2016, because the grievance Rose cited: (1) concerned Rose's complaints about being charged a co-pay, not about lack of treatment for back pain; (2) did not name Defendant Bonefeld; and (3) cited the date of the incident as January 15, 2016, and January 25, 2016, not January 21, 2016. (ECF No. 202 at PageID.2528.) Rose argues that he "believes that he did exhaust these claims in grievance KCF-16-01-165-12," (ECF No. 214 at PageID.214), but he fails to indicate where in the record such grievance materials can be found. The Court has reviewed grievance KCF-16-02-165-12z, which the magistrate judge noted is Exhibit G of the amended complaint, and concurs with the magistrate judge's assessment that such grievance concerned Rose's complaints about being charged a co-pay, not Defendant Bonefeld's refusal to treat Rose on January 21, 2016. Therefore, this argument is rejected.

## II. Corizon Defendants' Objections

### *Defendant Paquette*

The magistrate judge concluded that Defendant Paquette failed to meet his burden to show that Rose did not exhaust his administrative remedies regarding his claim that Defendant Paquette was deliberately indifferent on November 22, 2015, when he allowed non-medical professionals to transport Rose to the hospital. The magistrate judge concluded that Rose exhausted this claim against Defendant Paquette in grievance URF-15-12-650-12e3. The magistrate judge noted that in his Step II appeal, Rose wrote, "Why did health care Danielle M. Paquette PA send grievant out by car when grievant was not able to stand on his own?" and the Step II response addressed Rose's

claim "that an inappropriate mode of transport (car) was used to transport him off-site that day." (ECF No. 202 at PageID.2525.)

Defendant Paquette argues that the magistrate judge erred because Grievance No. URF-15-12-4650-12e3 grieved a nurse and several corrections officers and not Paquette, and Rose's simple question did not suffice to add a new issue at Step II or to convert the grievance to one against Defendant Paquette. Alternatively, Defendant Paquette argues that even if the grievance exhausted Rose's claim, sending an inmate to the hospital in a car rather than by ambulance does not rise to the level of a constitutional violation. Having reviewed the grievance at issue, the Court concurs with the magistrate judge's assessment that Rose's Step II appeal and the response show that Paquette failed to carry his burden of showing lack of exhaustion. As for Defendant Paquette's merits-related claim, the Court declines to consider it at this juncture. Raising a merits argument in an objection to a motion for summary judgment for lack of exhaustion is inappropriate because it would deprive the magistrate judge of an opportunity to address it in the first instance and would preclude Rose from responding to it. *See Marr v. Foy*, No. 1:07-CV-908, 2010 WL 3061297, at *4 (W.D. Mich. Aug. 3, 2010) ("It is well established that a party may nor raise an argument[] [or] advance a theory . . . before a District Judge that was not fairly presented to the Magistrate Judge.").

### *Defendant Canlas*

The magistrate judge concluded that Defendant Canlas failed to show that Rose did not exhaust his administrative remedies against Defendant Canlas because grievance KCF-16-01-113-12d1 appears to have addressed Rose's claims that Canlas was deliberately indifferent to Rose's serious back pain on November 30, 2015, and December 17, 2015. (ECF No. 292 at PageID.2527.) Defendant Canlas argues that the grievance did not exhaust Rose's claims based on the November 30, 2015, and December 17, 2015, incidents because the grievance concerned Defendant Canlas's

treatment of Rose's back pain on January 15, 2016. Canlas further argues that the MDOC handled the grievance as pertaining to the January 15, 2016, treatment, rather than older issues Rose mentioned in the grievance. Defendant Canlas further asserts that had the MDOC believed that the grievance pertained to the two incidents in 2015, it would have rejected the grievance based on Rose's failure to resolve the issue with staff within two business days. Rose responds that he made it clear throughout the grievance process that Defendant Canlas did not treat him on January 15, 2016, and that his claims against Defendant Canlas were based on events that occurred prior to that date.

While the issue is close, the Court agrees with the magistrate judge that Defendant Canlas is not entitled to summary judgment for lack of exhaustion. Contrary to Defendant Canlas's argument, Rose was not complaining about treatment that Defendant Canlas rendered on January 15, 2016. In fact, in his Step II appeal, Rose clarified that Nurse Williams (not Defendant Canlas) saw him on that date and Rose was not claiming that he "did'nt (sic) get treatment for back pain on 1-15-16." (ECF No. 26-12 at PageID.682.) While Rose could have been more explicit, a fair reading of the grievance shows that Rose was complaining of the ongoing refusal of his medical providers, including Defendant Canlas, to take Rose's back pain seriously. In the Court's judgment, the grievance provided Defendant Canlas "fair notice of the alleged mistreatment or misconduct that forms the basis of" Rose's claim against Canlas in his complaint. *LaFountain v. Martin*, 334 F. App'x 738, 740 (6th Cir. 2009). Finally, the Court declines to speculate about that the MDOC might or might not have done with Rose's grievance.

### *Defendant Rogers*

Defendant Rogers takes issue with the magistrate judge's conclusion that evidence in the record tends to show that Rose may have in fact exhausted his claims against her. The magistrate

5

judge noted that Rose filed grievance KCF-16-05-775-17B, which the responder denied at Step I. The magistrate judge further noted that it was unclear whether the grievance was denied or rejected at Step II, as the response addresses the merits but references "[t]he Step 1 rejection" and concludes, "Rejection is Upheld at Step II." (ECF No. 45 at PageID.990.) The magistrate judge further observed that the MDOC Prisoner Step III Grievance Report (ECF No. 104-1 at PageID.1319) shows that Rose filed a Step III appeal, which was denied and not rejected. Having reviewed the pertinent grievance documents, the Court agrees with the magistrate judge's conclusion that Defendant Rogers failed to meet her burden of showing lack of exhaustion. Defendant Rogers's conclusory statement that "the records demonstrate that MDOC rejected this grievance at both Steps I and II" (ECF No. 209) is, at best, one interpretation of the grievance materials.

## III. Other Matters

Rose has filed a number of motions/objections pertaining to Defendants' motions for summary judgment based on lack of exhaustion. Those filings include: (1) Objection to Order Denying Motion to Compel (ECF No. 164); (2) Motion to Compel Rule 45 Subpoenas (ECF No. 189); (3) Motion for Sanctions and to Strike (ECF No. 191); (4) Motion to Strike Rose's own filings (ECF No. 197); (5) Motion to Strike Rose's own filings (ECF No. 216); (6) Motion to Supplement to file a response to the Corizon Defendants' Objections (ECF No. 220); and (7) Motion to Compel Defendants to comply with discovery requests pertaining to exhaustion (ECF No. 227).

The Court will grant Rose's motion to supplement, as it has considered Rose's response to the Corizon Defendants' Objections. The remaining motions will be denied as moot because, as the magistrate judge explained in the R & R, "Plaintiff included all of the relevant grievances as exhibits to his amended complaint and has thoroughly explained how prison officials impeded his ability to comply with the grievance procedure." (ECF No. 202 at PageID.2524.) In short, the materials Plaintiff seeks are no longer required.

Therefore,

**IT IS HEREBY ORDERED** that the March 20, 2018, Report and Recommendation (ECF No. 202) is **ADOPTED**, and Plaintiff's Objections and the Corizon Defendants' Objections (ECF Nos. 209 and 214) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Corizon Defendants' motion for summary judgment (ECF No. 104) and the MDOC Defendants' motion for summary judgment (No. 135) are **GRANTED IN PART AND DENIED IN PART**. The Corizon Defendants' motion is **granted** as to Plaintiff's claims against Defendant Bonefeld, which are **dismissed without prejudice**, and **denied** in all other respects. The MDOC's motion is **granted** with regard to the hot-water-bottle claim against Defendant Covert, which is **dismissed without prejudice** and **denied** in all other respects.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Supplement (ECF No. 220) is **GRANTED**, and Plaintiff's remaining Motions pertaining to exhaustion (ECF Nos. 164, 189, 191, 197, 216, and 227) are **DENIED AS MOOT**.

Dated: June 27, 2018  /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE