UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE ROSE #235893,

    Plaintiff,

v.    Case No. 2:16-cv-242
    HON.  GORDON J. QUIST

JOSEPH DAMRON, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Plaintiff submitted a letter to the Clerk in which he complains that unnamed prison officials at the Chippewa Correctional Facility (URF) are interfering with his use of the grievance system and spreading rumors about him to other inmates.  Plaintiff concludes the letter by stating that he needs to be transferred to another prison facility or he needs a temporary restraining order. The Clerk's Office subsequently docketed the letter as a motion for a transfer to a new facility and/or a motion for a temporary restraining order.  (ECF No. 223).  For the reasons stated below, the undersigned recommends that the Court deny Plaintiff's request to be transferred to another prison facility and/or a temporary restraining order.

Injunctive relief is "an extraordinary remedy which should be granted only if . . . the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't*, 305 F.3d 566, 573 (6th Cir. 2002). The issuance of such relief is committed to the discretion of the district court.  *Planned Parenthood Ass'n v. City of Cincinnati*, 822 F.2d 1390, 1393 (6th Cir. 1987).  In exercising that discretion, the court must consider and balance four factors:

1. Whether the movant has shown a strong or substantial likelihood or probability of success on the merits.

2. Whether the movant has shown irreparable injury.

3. Whether the preliminary injunction could harm third parties.

4. Whether the public interest would be served by issuing a preliminary injunction.

*Washington v. Reno*, 35 F.3d 1093 (6th Cir. 1994). These factors are not prerequisites to the grant or denial of injunctive relief, but factors that must be carefully balanced by the district court in exercising its equitable powers. *Id.*

Moreover, where a prison inmate seeks an order enjoining state prison officials, the court is required to proceed with the utmost care and must recognize the unique nature of the prison setting. *See Kendrick v. Bland*, 740 F.2d 432 at 438, n.3, (6th Cir. 1984). *See also Harris v. Wilters*, 596 F.2d 678 (5th Cir. 1979). It has also been remarked that a party seeking injunctive relief bears a heavy burden of establishing that the extraordinary and drastic remedy sought is appropriate under the circumstances. *See Checker Motors Corp. v. Chrysler Corp.*, 405 F.2d 319 (2d Cir. 1969), *cert. denied*, 394 U.S. 999 (1969). *See also O'Lone v. Estate of Shabazz*, 482 U.S. 342 (1986).

Plaintiff's request for injunctive relief is unrelated to the claims in his complaint. Plaintiff's claims in his complaint primarily relate to the alleged inadequate medical treatment he received while incarcerated. In his letter, Plaintiff complains of the conduct of unnamed prison officials at URF, but the allegations do not concern any medical treatment. Moreover, only one Defendant in this case works at URF—Gerald Covert, who is a nurse. There is no reason to believe that Defendant Covert is one of the unnamed prison officials in Plaintiff's letter. Thus, Plaintiff's injunctive relief request is entirely unrelated to his underlying claims. While "[a] preliminary

injunction is always appropriate to grant intermediate relief of the same character as that which may be granted finally," an injunction should not issue when "it deals with a matter lying wholly outside the issues in the suit." *De Beers Consolidated Mines v. United States*, 325 U.S. 212, 220 (1945).

In addition, Plaintiff has failed to show that he will be irreparably harmed if the requested relief is not granted. Although Plaintiff complains that other inmates may harm him based on the unnamed prison officials' conduct, he has presented no evidence that he has received any threats of bodily harm or physical attack. *See Bagetta v. Caruso*, 2008 WL 723549 at *3 (W.D. Mich., Mar. 12, 2008) (where prisoner sought injunctive relief to prevent assault by other prisoners, denial of such is appropriate because prisoner "d[id] not allege one specific threat that they have received from another prisoner"). Plaintiff's speculation is not sufficient to establish that he faces irreparable harm.

Finally, in the context of a motion impacting on matters of prison administration, the interests of identifiable third parties and the public at large weigh against the granting of an injunction. Any interference by the federal courts in the administration of state prison matters is necessarily disruptive. The public welfare therefore militates against the issuance of extraordinary relief in the prison context, absent a sufficient showing of a violation of constitutional rights. *See Glover v. Johnson*, 855 F.2d 277, 286-87 (6th Cir. 1988). That showing has not been made here. Simply, Plaintiff's speculation that unnamed prison officials are spreading rumors about him is not a sufficient basis for the Court to interfere in the day-to-day operation of a corrections facility.

Because Plaintiff has failed to meet the heavy burden establishing the need for injunctive relief, the undersigned recommens that Plaintiff's request (ECF No. 231) be denied.

-4-

NOTICE TO PARTIES:  Objections to this Report and Recommendation must be served on opposing parties and filed with the Clerk of the Court within fourteen (14) days of receipt of this Report and Recommendation.  28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b); W.D. Mich. LCivR 72.3(b).  Failure to file timely objections constitutes a waiver of any further right to appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See also Thomas v. Arn*, 474 U.S. 140 (1985).

Dated:  July 24, 2018

           /s/ Timothy P. Greeley
           TIMOTHY P. GREELEY
           UNITED STATES MAGISTRATE JUDGE