UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE ROSE #235893,

    Plaintiff,

v.                                                     Case No. 2:16-CV-242

JOSEPH DAMRON, et al.,              HON. GORDON J. QUIST

    Defendants.
_____/

## **ORDER ADOPTING IN PART THE REPORT AND RECOMMENDATION**

Plaintiff, Willie Rose, a prisoner with the Michigan Department of Corrections (MDOC), filed this pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging First, Fourth, and Eighth Amendment claims against Defendants Bienvenido Canlas, Danielle Paquette, Penny Rogers, Gerald Covert, Joseph Damron, Rebecca Freytag, Elizabeth Kinney, and Michael McDowell. Defendants Canlas, Paquette, and Rogers (Corizon Defendants) filed a motion for summary judgment. (ECF No. 291.) Plaintiff filed a response. (ECF No. 319.) Defendants Covert, Damron, Freytag, Kinney, and McDowell (MDOC Defendants) filed a separate motion for summary judgment, asserting qualified immunity. (ECF No. 361.) Plaintiff filed a response. (ECF No. 368.) On February 26, 2019, Magistrate Judge Timothy P. Greeley[1] submitted a Report and Recommendation (R & R) recommending that the Court grant the Corizon Defendants' motion for summary judgment with respect to Defendants Paquette and Canlas but deny the motion as to Defendant Rogers; grant the MDOC Defendants' motion for summary judgment as to Defendant

---

[1] Judge Greeley recently retired on March 14, 2019.

Kinney but deny the motion as to Defendants Damron, Covert, Freytag, and McDowell;[2] and (3) dismiss Defendants Paquette, Canlas, and Kinney from the case. (ECF No. 377.)

Defendant Rogers and Plaintiff both filed objections to the R & R. (ECF Nos. 382, 383.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted in part and rejected in part. Specifically, in addition to dismissing Defendants Paquette, Canlas, and Kinney from the case, the Court concludes that Plaintiff's claims against Defendants Rogers, McDowell, and Freytag should also be dismissed, as well as one claim against Defendant Covert.

**Defendant Rogers**

Plaintiff asserts First, Fourth, and Eighth claims against Defendant Rogers arising out of treatment on May 24, 2016, in which Defendant Rogers performed a rectal exam on Plaintiff. According to Defendant Rogers, she considered the rectal exam medically necessary in response to Plaintiff's complaints of incontinence and to support Plaintiff's request for an MRI. Plaintiff, however, maintains that the rectal exam was unnecessary and was done in retaliation for filing grievances against health care.

---

[2] In the R & R, the magistrate judge states, "It is further recommended that the MDOC Defendants' motion for summary judgment (ECF No. 361) be GRANTED as to Defendant Kinney and DENIED as to Defendants Damron, Covert, Freytag, and *Rogers*." (ECF No. 377, PageID.4094-95) (emphasis in italics added). However, Rogers is not an MDOC Defendant and in the body of the R & R, the magistrate judge had stated that McDowell was one of the MDOC Defendants that he recommended keeping in the case. Thus, the Court assumes that the inclusion of Rogers as an MDOC Defendant was simply a typographical error and that the magistrate judge meant to say that McDowell was one of the MDOC Defendants for which he recommended denying the motion for summary judgment.

First, Defendant Rogers argues in her objections that Plaintiff cannot maintain an Eighth Amendment claim. The R & R construed the Eighth Amendment claim as a claim of excessive force, rather than a deliberate indifference claim, but under either standard, Plaintiff cannot support an Eighth Amendment claim.

In evaluating "whether a particular use of force was objectively reasonable" in the context of an excessive force claim, courts consider "the extent of the injury suffered, the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the prison official, and any efforts made to temper the severity of the forceful response." *Richmond v. Settles*, 450 F. App'x 448, 453 (6th Cir. 2011) (citing *Whitley v. Albers*, 475 U.S. 312, 320-21, 106 S. Ct. 1078, 1085 (1986)). However, even accepting Plaintiff's most grievous accusations against Defendant Rogers, Plaintiff merely alleged that Defendant Rogers coerced him to submit to the rectal exam, not that she applied any physical force. In this Court's opinion, an excessive force claim does not fit this situation where the only use of "force" was the actual medical exam.

For Plaintiff to prevail on a deliberate indifference claim, he must show that he faced a sufficiently serious risk to his health or safety and that Defendant Rogers acted with deliberate indifference to Plaintiff's health or safety. *Mingus v. Butler*, 591 F.3d 474, 479–80 (6th Cir. 2010). In this Court's opinion, a deliberate indifference claim also does not fit this situation, in which Defendant Rogers provided more medical treatment than Plaintiff considered necessary.

Defendant Rogers correctly notes that Plaintiff's claim is more accurately characterized as an issue of informed consent. (ECF No. 382, PageID.4111.) But "claims arising from the individual defendants' failure to obtain [the plaintiff's] informed consent prior to administering medical treatment do not establish a constitutional violation." *Davis v. Agosto*, No. CIV.A.3:01-

CV-180-S, 2002 WL 1880761, at *3 (W.D. Ky. Aug. 15, 2002), *aff'd,* 89 F. App'x 523 (6th Cir. 2004). Thus, Plaintiff cannot maintain an Eighth Amendment claim against Defendant Rogers.

Next, Defendant Rogers argues in her objections that Plaintiff cannot maintain a Fourth Amendment claim. Plaintiff's Fourth Amendment claim is based on his right to be free from unreasonable searches and seizures. However, this claim fails for two reasons. First, "the Fourth Amendment does not apply to searches and seizures in prison." *Weatherspoon v. Woods*, No. 16-1277, 2017 WL 3923335, at *3 (6th Cir. Feb. 24, 2017) (citing *Hudson v. Palmer*, 468 U.S. 517, 529–30, 104 S. Ct. 3194, 3202 (1984)). Second, "[i]nvasions of the body by doctors for medical purposes are neither a search nor a seizure," when the medical procedure was performed "not at the request, advice or encouragement of any . . . law enforcement agency." *United States v. Chukwubike*, 956 F.2d 209, 212 (9th Cir. 1992). Thus, Plaintiff cannot maintain a Fourth Amendment claim against Defendant Rogers.

Finally, Defendant Rogers argues in her objections that Plaintiff cannot maintain a First Amendment retaliation claim. Plaintiff's First Amendment claim is based on his perception that Defendant Rogers performed the rectal exam in retaliation for Plaintiff writing grievances against health care services. To prevail on this claim, Plaintiff must establish that (1) he was engaged in protected conduct; (2) an adverse action was taken against him that would deter a person of ordinary firmness from engaging in that conduct; and (3) the adverse action was motivated, at least in part, by the protected conduct. *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999). Defendant Rogers argued that she was not aware of any grievances, which would negate a retaliation claim. The R & R recommends that the Court find that there is still a genuine issue of material fact, though, based on Plaintiff's statement in his declaration that Defendant Rogers told Plaintiff, "Since you're writing these complaints[,] I'm going to have to perform a rectal exam on

you." (ECF No. 319-1, PageID.3644.) However, Plaintiff's declaration contradicted his own sworn deposition testimony. When asked about the incident during his deposition, Plaintiff testified that Defendant Rogers told him that she needed to perform the rectal exam for Plaintiff to get an MRI. (ECF No. 362-2 at PageID.3944.) The Sixth Circuit has "barred the nonmoving party from avoiding summary judgment by simply filing an affidavit that directly contradicts that party's previous testimony." *Aerel, S.R.L. v. PCC Airfoils, L.L.C.*, 448 F.3d 899, 907 (6th Cir. 2006). The Court will not deny summary judgment to Defendant Rogers on Plaintiff's retaliation claim on the basis of a statement that Plaintiff made in his declaration that contradicted his prior deposition testimony. Thus, Plaintiff cannot maintain a First Amendment claim against Defendant Rogers.

**Defendant McDowell**

Plaintiff's primary allegations against Defendant McDowell were that he would not leave the exam room when Plaintiff requested that he do so and "that he aided Ms. Rogers in illegally violating [Plaintiff] with the rectal exam that wasn't necessary." (ECF No. 362-2, PageID.3944.) A correctional officer refusing to leave a room when requested is not a constitutional violation, and for the same reasons that Plaintiff cannot maintain a claim against Defendant Rogers, Plaintiff also cannot maintain a claim against Defendant McDowell for aiding Defendant Rogers. Therefore, Plaintiff's claims against Defendant McDowell will be dismissed.

**Defendants Freytag and Covert**

Plaintiff alleges that on December 1, 2015, Plaintiff asked Defendant Freytag for the names of all individuals involved with Plaintiff's treatment on November 22, 2015, but Defendant Freytag refused to provide any names. Plaintiff also alleges that Defendants Freytag and Covert initiated Plaintiff's transfer from Chippewa Correctional Facility (URF) to Kinross Correctional Facility (KRF) in retaliation for writing grievances. The Court is required to dismiss prisoner actions

5

brought under federal law if "at any time" the Court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 920 S. Ct. 594, 596 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992). The Court finds that even accepting Plaintiff's allegations as true, Plaintiff's claims against Defendant Freytag and Plaintiff's claim against Defendant Covert regarding transfer to another facility should be dismissed for failure to state a claim.

First, the Court can find no authority holding that a correctional officer's refusal to provide information to a prisoner constitutes adverse action. In this Court's opinion, with multiple reasons why prison staff would choose to withhold information from prisoners, such a refusal to provide names cannot be the basis for a retaliation claim.

Second, transfer to another prison facility can only constitute adverse action in limited circumstances not present here. According to the Sixth Circuit, "since transfers are common among prisons, ordinarily a transfer would not deter a prisoner of ordinary firmness from continuing to engage in protected conduct." *Siggers-El v. Barlow*, 412 F.3d 693, 701 (6th Cir. 2005). A narrow exception applies when there are foreseeable consequences to the transfer that interfere with the prisoner's ability to access the courts. *Id*. at 702. These foreseeable consequences would include the loss of a high-paying job that the prisoner needed to pay his attorney and a long-distance transfer that would make it more difficult for the prisoner's attorney to visit or represent the prisoner. *Id*. However, Plaintiff's transfer from URF to KRF did not cause Plaintiff to lose his job or interfere with Plaintiff's ability to speak with his attorney.

The R & R recommends expanding the exception to encompass Plaintiff's allegation that upon his transfer, he lost over 100 pages of legal documents. But in this Court's opinion, the limited exception should remain limited. Allowing prisoners to bring constitutional claims every time documents are allegedly lost during transfer would open up prison staff to unlimited and unwarranted litigation. Thus, because the Court finds that ordinarily transfer to another prison does not constitute adverse action and that the limited exception to the general rule does not apply to Plaintiff, Plaintiff's retaliation claims against Defendants Freytag and Covert relating to the transfer should also be dismissed.

## Conclusion

For the foregoing reasons, the February 26, 2019, Report and Recommendation (ECF No. 377) is **adopted in part** and **rejected in part.** Plaintiff's objections to the R & R (ECF No. 383) are **overruled.** Corizon Defendants' motion for summary judgment (ECF No. 291) is **granted.** MDOC Defendants' motion for summary judgment (ECF No. 361) is **granted in part** and **denied in part.** Plaintiff's claims against Defendants Paquette, Canlas, Kinney, Rogers, McDowell, and Freytag are **dismissed with prejudice.** Therefore, the above-mentioned Defendants are dismissed from the case. Plaintiff's retaliation claim against Defendant Covert based on Plaintiff's transfer to a different prison is **dismissed with prejudice.** The claims that survive summary judgment are (1) Plaintiff's deliberate indifference claim against Defendant Damron and (2) Plaintiff's retaliation claim against Defendant Covert regarding the allegation that Defendant Covert ripped up papers from Plaintiff's medical chart.

**IT IS SO ORDERED.**

Dated: March 28, 2019 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE