UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

WILLIE ROSE,

    Plaintiff,

v.

    Case No. 2:16-cv-242

    Hon. Hala Y. Jarbou

HEIDI WASHINGTON, et al.,

    Defendants.
_____/

## ORDER

On February 7, 2022, Plaintiff sent a letter (ECF No. 614), requesting that either the Clerk of the Court or this Court send him copies of documents filed in this case. The Court will construe Plaintiff's letter as a motion for free copies. Plaintiff requests copies of the following documents:

(1) his reply to his motion to appoint counsel (ECF No. 505);

(2) his motion to call witnesses via video conference (ECF No. 533);

(3) his motion for relief (ECF No. 544);

(4) his motion to supplement his second pretrial narrative statement (ECF No. 545);

(5) his motion to produce copies of documents (ECF No. 551);

(6) his motion for extension of time (ECF No. 554);

(7) his motion to supplement his motion for relief and motion to supplement his second pretrial narrative statement (ECF No. 557);

(8)-(10) the Court's orders dated July 14, 2021 (ECF Nos. 577, 578, and 579), which were mailed to Plaintiff on July 15, 2021;

(11) Defendants' motion for summary judgment (ECF No. 104);

(12) Plaintiff's response to Defendants' motion for summary judgment (ECF No. 115);

(13) Defendants' motion for summary judgment (ECF No. 135);

(14) Plaintiff's response in opposition to Defendants' motion for summary judgment (ECF No. 368);

(15) the magistrate judge's Report and Recommendation dated February 26, 2019 (ECF No. 377), which was mailed to Plaintiff on February 26, 2019;

(16) the Court's Order dated March 28, 2019, regarding the Report and Recommendation (ECF No. 389), which was mailed to Plaintiff on March 29, 2019; and

(17) Plaintiff's statement seeking exclusion from the prisoner civil rights litigation early mediation program (ECF No. 451).

Plaintiff has no right to free copies.  Litigants must generally bear their own litigation expenses. *Tabron v. Grace*, 6 F.3d 147, 159 (3d Cir. 1993); *Kirk v. Simpson*, No. 93-5668, 1994 WL443461, at *2 (6th Cir. Aug. 15, 1994) (citing *Moss v. Thomas*, 299F.2d729 (6th Cir. 1962) (constitutional right of access to the courts does encompass a constitutional requirement to waive costs of transcripts, expert witness fees, and fees to secure depositions)); see also *Johnson v. Hubbard*, 698 F.2d 286, 289 (6th Cir. 1983) ("Witness fees clearly fall in the category of items such as trial transcripts, depositions and other documents, which the constitution does not require a court, or in practical terms, the federal government, to pay for at the request of the indigent party."). Even the federal pauper statute, 28 U.S.C. § 1915, "makes no provision for the payment by the government of the costs of transcripts, or any other litigation expenses, and no other statute authorizes courts to commit federal monies for payment of the necessary expenses in a civil suit brought by an indigent litigant." *Tabron*, 6 F.3d at 159.  Nor is this an original criminal proceeding covered by 18 U.S.C. § 3006A.

As the plaintiff in this case, Plaintiff must bear his own litigation expenses.  *See Arrington v. Scott*, No. 1:12-cv-539, 2013 U.S. Dist. LEXIS 39725, at *1 (W.D. Mich., Jan 7, 2013) (denying

the plaintiff's motion for free copies of numerous docket entries). The cost for copies of court documents is $0.50 per page. If Plaintiff wishes to obtain the aforementioned documents, he may submit another request to the Clerk with payment enclosed.

Accordingly,

**IT IS ORDERED** that Plaintiff's request/motion for copies (ECF No. 614) is respectfully **DENIED.**

Dated: February 9, 2022                     /s/ Hala Y. Jarbou
                                            HALA Y. JARBOU
                                            UNITED STATES DISTRICT JUDGE